Crescent Land Dev. Assoc LLC v Illinois Union Ins. Co. (2023 NY Slip Op 05788)

Crescent Land Dev. Assoc LLC v Illinois Union Ins. Co.

2023 NY Slip Op 05788

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 657152/21 Appeal No. 1034 Case No. 2022-04074 

[*1]Crescent Land Dev. Assoc LLC, et al., Plaintiffs-Appellants,
v
Illinois Union Insurance Company, Defendant-Respondent.

Weg and Myers, P.C., Rye Brook (Joshua L. Mallin of counsel), for appellants.
O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for respondent.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered September 7, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs, owners of a large portfolio of commercial real estate, commenced this action against defendant insurer Illinois Union Insurance Company for remediation coverage related to losses incurred during the COVID-19 pandemic. Defendant disclaimed coverage because COVID-19 was neither a "pollution condition" or "indoor environmental condition" as defined by the policy to trigger coverage.
We agree with defendant that "pollution condition" within the context of the policy does not encompass viruses or viral material (see Northwell Health v Illinois Union Ins. Co. (2022 WL 912929, *4-5, 2022 US Dist LEXIS 57432, *10-14 [SD NY March 29, 2022, No. 20-CV-6893 (LTS/OTW)] [examining similar language used to define "pollution condition"]). Throughout the policy, viruses are consistently attached to the term "indoor environmental condition," and not specifically identified in "pollution condition."
Moreover, endorsement 28 of the policy modified the definition of "indoor environmental condition" to include viruses, provided that the viruses "are not the result of communicability through human-to-human or bodily fluid contact." As plaintiffs allege, COVID-19 is a communicable virus because it is "caused by the spread of SARS-CoV-2 virus, which is spread both in the air through respiratory droplets and from surface contact via fomite transmission." Therefore, damages and losses related to COVID-19 are excluded from coverage.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023